UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINE KING, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 11-1184 (ABJ) <br> ) |
| TRISER SALONS, LLC, *et al.*, | ) <br> ) |
| Defendants. | ) <br> ) |

**MEMORANDUM OPINION**

Plaintiff Christine King brings this action against Triser Salons, LLC and Mukesh Patel, alleging sexual harassment and a hostile work environment in violation of the D.C. Human Rights Act of 1977, D.C. Code § 2-1401, *et seq.* (2001) ("DCHRA"). Compl. ¶ 24.[1] She alleges that she was subjected to repeated unwanted sexual advances and sexual comments made by a co-worker at the Supercuts salon where she was employed, and that her complaints to the manager were unavailing. Triser owns and operates the Supercuts salon where plaintiff was employed, and, according to defendants, Patel and his wife are the sole members of Triser. Defs.' Mem. at 2.

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment under Fed. R. Civ. P. 56(a) [Dkt. #3], arguing that Patel cannot be held individually liable under the DCHRA since he was not plaintiff's supervisor and there is no

---

1    Defendants argued that plaintiff failed to state a claim for constructive discharge because plaintiff quit her job after the co-worker that had allegedly harassed her had been placed on leave. Defs.' Mem. 8–9. Plaintiff subsequently withdrew her allegation of constructive discharge to the extent it was interpreted as a separate count. Pl.'s Opp. at 1, n.1

allegation that he participated in the unlawful conduct. Defs.' Mem. at 5–-6. Defendants also argue that plaintiff's hostile work environment claim fails as a matter of law because 1) plaintiff did not report the conduct described in the complaint to Patel or Triser; 2) Triser had policies in place that prohibited discriminatory conduct and provided employees with the means to report it; and 3) Patel took action to place the co-worker on administrative leave when an incident was first reported to him. Defs.' Mem. at 6–9. Defendants do not articulate a basis for dismissing the claims against Triser on their face; rather, they advance factual arguments based upon Patel's affidavit that contradict the hostile work environment allegations. Therefore, the Court will treat the motion as a motion for summary judgment with respect to Triser, while continuing to review Patel's claim as motion to dismiss.[2]

Plaintiff opposes defendants' motions, arguing that Patel is an "employer" who can be found liable under the DCHRA and that the defendants knew or should have known about the harassment but failed to implement prompt and appropriate corrective action. Pl.'s Opp. at 2. For the reasons stated below, the Court will grant defendant Patel's motion to dismiss without prejudice and deny summary judgment for defendant Triser at this time.

## BACKGROUND

Beginning in the spring of 2010, plaintiff worked at a Supercuts salon owned by defendant Triser. Compl. ¶ 6. She alleges that her co-worker, Gary Blair, made regular, inappropriate and unwanted sexual remarks and advances towards her on numerous occasions. *Id*. ¶ 8. Plaintiff alleges that she complained to the store manager, Darrell Morrison, once a week about her co-worker's behavior. *Id*. ¶ 11. According to plaintiff, although Morrison observed Blair's behavior and spoke with Blair on numerous occasions, "it did no good, [Blair] would not

---

2   The Court notes that defendants did not file a statement of material facts with their motion for summary judgment as required by LCvR 7(h)(1).

2

listen to [Morrison], and [Morrison] could not get [Blair] to stop."[3]  *Id*. ¶ 12.  On or about January 23, 2011, Blair showed plaintiff a photo of his genitals.  Plaintiff told her husband about the photo, and plaintiff's husband called Morrison to speak with him about it.  *Id*. ¶ 8.  She states that "[w]orking conditions were so intolerable that [she] was forced to quit."  *Id*. ¶ 14.

Plaintiff alleges that defendants "failed to take appropriate remedial action to prevent or stop [the harassment] from happening" and that defendants subjected her to a severe and hostile work environment.  *Id*. ¶¶ 8, 13.  Plaintiff claims that both defendants knew or should have known about the harassing behavior.  *Id*. ¶ 13.

## STANDARD OF REVIEW

### I.     Motion to dismiss under Rule 12(b)(6)

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[4]  In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft*, 129 S. Ct. at 1949.  And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id*. at 1950.

---

3    Neither Blair, the alleged harasser, nor Morrison, the supervisor, is named as a defendant in this action.

4    Plaintiff improperly relies on the "no set of facts" pleading requirement set forth in *Conley v. Gibson*, 355 U.S. 41 (1957).  Pl.'s Opp. at 7.  That standard was expressly modified by the Supreme Court in *Twombly*.  550 U.S. at 570.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id*.

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed liberally in plaintiff's favor, and the Court should grant plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See id.*; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).

II. **Motion for Summary Judgment under Rule 56(a)**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

4

any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). The existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is only "material" if it is capable of affecting the outcome of the litigation. *Id. See also Laningham v. U.S. Navy*, 813 F.2d 1236 (D.C. Cir. 1987). In assessing a party's motion, "[a]ll underlying facts and inferences are analyzed in the light most favorable to the non-moving party." *N.S. ex rel. Stein v. District of Columbia*, 709 F. Supp. 2d 57, 65 (D.D.C. 2010), citing *Anderson*, 477 U.S. at 247.

## ANALYSIS

### I. Patel's Motion to Dismiss

The DCHRA prohibits employment discrimination by an "employer," defined as "any person who, for compensation, employs an individual" or "any person acting in the interest of such employer, directly or indirectly." D.C. Code § 2-1401.02(10). Defendant Patel acknowledges that liability under the DCHRA may be imposed against an individual who participates in the discriminatory conduct or who exercises supervisory authority over the workplace. *See Smith v. Café Asia*, 598 F. Supp. 2d 45, 48 (D.D.C. 2009); *Purcell v. Thomas*, 928 A.2d 699, 716 (D.C. 2007). But he contends that since the complaint does not allege that he did either, it should be dismissed against him. Defs.' Mem. at 5–6.

Courts have held individuals liable under the DCHRA when they were personally involved in the discriminatory conduct, *see Wallace v. Skadden, Arps, Slate, Meagher & Flom*,

5

715 A.2d 873, 889 (D.C. 1998), or when they aided or abetted in the discriminatory conduct of others. *Smith*, 598 F. Supp. 2d at 46; *see also* D.C. Code § § 2-1402.62. Courts have permitted actions against plaintiffs' supervisors to proceed under an aiding and abetting theory when it was alleged that they knew or should have known about the discriminatory conduct and failed to stop it. *Smith*, 598 F. Supp. 2d at 46 (allowing amendment of complaint where individual managers who were aware of verbal harassment but did not remedy the situation); *MacIntosh v. Bldg. Owners and Managers Ass'n*, 355 F. Supp. 2d 223, 225, 227–28 (D.D.C. 2005) (denying motion to dismiss by an executive director who was made aware of unfair pay practices); *Russ v. Van Scoyoc Assocs.*, 59 F. Supp. 2d 20, 22–23, 25 (D.D.C. 1999) (denying motion to dismiss by an owner and supervisor who was made aware of ongoing harassment by the employee but failed to respond to complaints).

The complaint does not allege that Patel personally committed the discriminatory and harassing acts, so the issue before the Court is whether it states a plausible claim that Patel "aided, abetted, invited, compelled or coerced" the discriminatory behavior. D.C. Code § 2-1402.62. But the complaint is devoid of any allegations from which the Court could plausibly infer that Patel knew about and failed to stop the discrimination. With respect to Patel, the complaint alleges simply:

- "On information and belief, defendant Mukesh Patel . . . was Plaintiff's employer." Compl. ¶ 5.

- "Defendants knew or should have known about the unlawful sexual harassment of Blair but failed to take appropriate remedial action to prevent or stop it from happening." *Id.* ¶ 13.

- "Defendants were the employer of Plaintiff and/or the joint employer of Plaintiff, for purposes of liability under the counts asserted herein." *Id.* ¶ 9.

These are the sorts of conclusory, formulaic statements are insufficient to state a claim under *Iqbal*. 129 S. Ct. at 1949. While plaintiff claims that "defendants" – meaning Triser and Patel – "knew or should have known about the unlawful sexual harassment," she offers no facts from which the Court may draw the reasonable inference that Patel in particular was on notice of what was happening in the salon. When the allegations in a complaint are "no more than conclusions," they "are not entitled to the presumption of truth." *Id*. at 1950. Although plaintiff's opposition to the motion to dismiss proffers additional facts, the Court may only consider the facts set forth in the complaint when evaluating a motion to dismiss. *Jo v. District of Columbia*, 582 F. Supp. 2d 51, 64 (D.D.C. 2008) (holding that "[i]t is well-established in this district that a plaintiff cannot amend his complaint in an opposition to a defendant's motion for summary judgment"). Because the complaint fails to state plausible action against Patel, this Court will dismiss the plaintiff's claim against Patel without prejudice.

**II.     Triser's Motion for Summary Judgment**

Triser contends that summary judgment under Rule 56(a) should be granted because plaintiff was not subject to harassment of any kind, did not work in an intolerable environment, and did not report the alleged harassment to the defendants. Defs.' Mem. at 2. It is true that an employer may not be held liable for a supervisor's harassing behavior if the employer is able to establishes that "it had adopted policies and implemented measures such that the victimized employee either knew or should have known that the employer did not tolerate such conduct and that she could report it to the employer without fear of adverse consequences." *Hunter v. Ark Rests. Corp.*, 3 F. Supp. 2d 9, 14 (D.D.C. 1998), quoting *Gary v. Long*, 59 F.3d 1391, 1398 (D.C. Cir. 1995). But this is an affirmative defense, which "depends on 'the ability of the employer to establish that its employees could not reasonably have failed to know of those measures and that

its grievance procedures were clearly calculated to encourage victims of harassment to come forward.'" *Id.*, quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 73 (1986) (some internal quotations omitted).

In support of its motion, Triser has proffered a declaration in which Patel avers that plaintiff was provided with an employee handbook, which stated that discrimination was not tolerated and contained the telephone numbers of Morrison and Patel, which she could use to call in the event she was a target of discriminatory behavior. Patel Decl. ¶¶ 5–6. Triser argues that plaintiff knew that she could call Patel to report the harassment but failed to do so. Defs.' Mem. at 7.

In opposition to defendants' motion, plaintiff submitted her own affidavit in which she asserts: "I did not receive a handbook, I have never seen a handbook and I do not know of any other employee who received one." King Decl. ¶ 11. She also states that she "never received any instructions concerning procedural steps to follow in the event an employee experiences harassment in the workplace." *Id.* Whether a handbook existed and, if it did, whether plaintiff ever received it, are questions of material fact. *Hunter*, 3 F. Supp. 2d at 14 (holding that issue of material fact existed as to whether defendants took appropriate remedial action and "mere existence" of an anti-discrimination policy "does not eliminate an employer's chargeability"). Since plaintiff, the non-moving party, has "designate[d] specific facts showing there is a genuine issue for trial," *Celotex Corp.*, (internal quotations omitted), 477 U.S. at 324, summary judgment is not appropriate at this juncture, and Triser's motion will be denied.

## CONCLUSION

For the foregoing reasons, the Court will grant the motion to dismiss without prejudice with respect to Patel and will deny summary judgment with respect to Triser. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: October 3, 2011